# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ONDRIA HOLMES,<br>    Plaintiff, | CIVIL ACTION |
| v. | |
| AMERICAN HERITAGE FEDERAL<br>CREDIT UNION,<br>    Defendant. | NO. 18-4418 |

**DuBois, J.**                                         **February 27, 2019**

# M E M O R A N D U M

## I.  INTRODUCTION

In this employment discrimination case, plaintiff claims that she was terminated after she took leave to receive medical treatment and requested, and was denied, leave to attend a religious convention. She asserts claims of religious discrimination, retaliation, and failure to accommodate under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e) *et seq.*; disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and interference and retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* Presently before the Court is defendant's partial motion to dismiss, seeking dismissal of all of plaintiff's FMLA claims and claims for punitive damages. For the reasons that follow, the Motion is granted in part and denied in part.

## II.  BACKGROUND

Defendant, American Heritage Federal Credit Union, hired plaintiff, Ondria Holmes, in August 2016. Compl. ¶ 10. Plaintiff was supervised by Tanya Williams, who had the discretion to approve or deny requests for time off in plaintiff's department. *Id.* ¶¶ 14–15. Plaintiff's claims arise out of two events: (1) plaintiff's medical leave to receive treatment for tooth decay and (2) plaintiff's request to attend a Jehovah's Witness convention.

In 2018, plaintiff "began to suffer from complications related to severe and advanced tooth decay," limiting her ability to eat and speak at times and causing her "severe pain and sensitivity." *Id.* ¶¶ 18–19. Between May and July 2018, plaintiff "began to undergo extensive treatment" for her tooth decay, which required her to take "intermittent time off" from work, including two weeks of leave for oral surgery. *Id.* ¶ 21. Plaintiff applied for, and was approved for, FMLA leave for this treatment. *Id.* ¶ 22. However, Williams "exhibited frustration" toward plaintiff for her need to take time off and "expressed concerns regarding Plaintiff's leave." *Id.*

Additionally, plaintiff is a devout Jehovah's Witness. *Id.* ¶ 23. Shortly after she was hired, she informed defendant's management, including Williams, about her religion. *Id.* ¶ 24. In June 2018, she requested time off to attend an annual Jehovah's Witness convention, informing Williams that "she would be required to attend . . . due to her religion." *Id.* ¶¶ 25, 27, 29. To attend the convention, plaintiff needed to leave work early on July 5, 2018, and take a full day off on July 6, 2018. *Id.* ¶ 29. Williams denied plaintiff's request and "said that there was nothing that Plaintiff could show her that would change her mind." *Id.* ¶¶ 31–32. Plaintiff informed Williams that because the convention was "extremely important" to her religion, "she would need to take that time off even if Ms. Williams refused to approve it." *Id.* ¶ 34. On the days of the convention, plaintiff "followed Defendant's proper call-out procedures," informing management that for religious reasons, she needed to leave early on July 5, 2018 and be absent on July 6, 2018. *Id.* ¶¶ 35–36. When plaintiff returned to work the following Monday, July 9, 2018, she was called into Williams's office and "berated" for her absence. *Id.* ¶ 37. Plaintiff offered to provide documentation showing that she was absent for religious reasons, but Williams refused to accept any such evidence. *Id.* ¶ 38.

On July 16, 2018, plaintiff was terminated. *Id.* ¶ 39. She was informed she was terminated for (1) taking time off to attend the convention and (2) "allegedly stealing time on June 29, 2018," which plaintiff claims is a "completely false allegation" that defendant had never previously raised. *Id.*

Plaintiff filed the Complaint on October 15, 2018, asserting claims of religious discrimination, retaliation, and failure to accommodate under Title VII (Count I); disability discrimination and retaliation under the ADA (Count II); and interference and retaliation under the FMLA (Count III).[1] In the Complaint, plaintiff seeks injunctive relief; compensatory, punitive, and liquidated damages; and legal fees. Defendant filed a partial motion to dismiss on December 13, 2018, seeking dismissal of plaintiff's FMLA claims (Count III) and claims for punitive damages. Plaintiff responded on December 27, 2018. The Motion is thus ripe for review.

### III. LEGAL STANDARD

"The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint." *Nelson v. Temple Univ.*, 920 F. Supp. 633, 634 n.2 (E.D. Pa. 1996). To survive a motion to dismiss, plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In assessing the plausibility of the plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Such allegations are

---

[1] Plaintiff asserts that she will also initiate claims under the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance after the appropriate amount of time has passed from the date of dual filing with the EEOC. Compl. 1 n.1.

3

"not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.* at 680. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## IV. DISCUSSION

### A. FMLA Interference and Retaliation

Defendant asserts that plaintiff failed to plead facts sufficient to establish a *prima facie* case for her FMLA interference and retaliation claims. Def. Mot. to Dismiss 8–9. For the reasons that follow, the Court denies defendant's motion with respect to these claims.

#### *i. Interference*

To state a claim for FMLA interference, plaintiff must plead that (1) "she was an eligible employee under the FMLA," (2) "defendant was an employer subject to the FMLA's requirements," (3) "plaintiff was entitled to FMLA leave," (4) "plaintiff gave notice to the defendant of . . . her intention to take FMLA leave," and (5) "plaintiff was denied benefits to which . . . she was entitled under the FMLA." *See Ross v. Gilhuly*, 755 F.3d 185, 191–92 (3d Cir. 2014) (internal citations omitted).

First, defendant argues that plaintiff failed to plead that she was an "eligible employee." Def. Mot. 8. An "eligible employee" is one "who has been employed for at least 12 months by the employer" and "for at least 1,250 hours with that employer during the previous 12-month period." 29 U.S.C. §§ 2611(2)(A)(i), (ii). The Complaint specifically asserts: "Plaintiff was an eligible employee under the definitional terms of the FMLA," that plaintiff "had been employed

4

for at least twelve months," and that plaintiff "had at least 1,250 hours of service with the Defendant during her last full year of employment." Compl. ¶¶ 56–58. Thus, plaintiff has adequately pled that she was an eligible employee, and this argument fails.

Second, defendant argues plaintiff failed to plead that defendant is an employer subject to the FMLA. Def. Mot. 8. The FMLA only applies to entities "engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). This argument fails because the Complaint states, "Defendant is engaged in an industry affecting commerce and employees fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year." *See* Compl. ¶ 59. Furthermore, the fact that defendant granted plaintiff's request for FMLA leave during her employment further supports plaintiff's allegations that she was an eligible employee and that defendant is subject to the statute. *See id.* ¶ 22; Def. Mot. 9.

Finally, defendant argues that plaintiff cannot show that she was denied the FMLA benefits she sought, because she was approved for FMLA leave. Def. Mot. 9. However, interference includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b). Under this framework, courts have found FMLA interference where an employer's actions could "chill" an employee from exercising his or her FMLA rights. *See Grosso v. Fed. Express Corp.*, 467 F. Supp. 2d 449, 463 (E.D. Pa. 2006). The Court concludes that plaintiff's allegations of Williams's "hostility" are sufficient at this stage to support her interference claim.[2] The Complaint states that Williams "exhibited

---

[2] Plaintiff also argues her termination supports her FMLA interference claim. *See* Pl. Resp. 15. The Court disagrees. Although the Third Circuit has held that terminating an employee after he or she requests FMLA leave,

frustration towards Plaintiff's need for time off due to her medical conditions and expressed concerns regarding Plaintiff's leave." Compl. ¶ 22. Further, the Complaint avers that "Defendant committed interference . . . (3) by subjecting plaintiff to hostility regarding her FMLA needs to dissuade her from utilizing FMLA leave." *Id.* ¶ 61. These allegations are sufficient "to state a plausible claim for relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678; *see also Grosso*, 467 F. Supp. 2d at 464–65 (citing, as evidence of interference, that supervisor told plaintiff that he was taking too much FMLA leave, that his absence was unfair to his coworkers, and that he should pursue options other than taking FMLA leave).

The Court concludes plaintiff has sufficiently pled an FMLA interference claim. Defendant's motion to dismiss is denied with respect to this claim.

### ii. Retaliation

To state a claim for FMLA retaliation, plaintiff must assert that (1) she invoked her right to FMLA leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of her rights. *See Ross v. Gilhuly*, 755 F.3d 185, 193 (3d Cir. 2014). Defendant argues plaintiff has not pled a causal connection between her request for FMLA leave and her termination. Def. Mot. 9.

The Third Circuit recognizes a variety of means for showing causation. For example, these means include alleging "unusually suggestive" temporal proximity between the protected activity and the adverse action. *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 369 (3d Cir. 2008) (finding suggestive temporal proximity in three-day period); *see also Fasold v. Justice*, 409 F.3d 178, 190 (3d Cir. 2005) (finding temporal proximity in a period of "less than three

---

but before that leave is approved or denied, "may constitute interference," it has not held that terminating an employee after he or she was approved for, and exercised, FMLA leave constitutes interference. *See Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 509 (3d Cir. 2009). To conclude otherwise would conflate retaliation and interference claims.

6

months"). Additionally, another means of showing causation is through alleging "a pattern of antagonistic conduct against the plaintiff subsequent to his protected conduct." *Schlegel v. Koteski*, 307 F. App'x 657, 661–62 (3d Cir. 2009). Plaintiff has alleged facts asserting both suggestive temporal proximity between her time off in May to July 2018 and her termination on July 16, 2018, and a pattern of hostility from Williams directly related to her request to take FMLA leave. *See* Compl. ¶¶ 21–22, 39; Pl. Resp. in Opp. to Def. Partial Mot. Dismiss 12–14.

The Court concludes plaintiff has sufficiently pled a causal connection. Defendant's motion to dismiss plaintiff's FMLA retaliation claim is denied.

### B. Punitive Damages

Defendant argues that plaintiff's claims for punitive damages should be dismissed. Def. Mot. 10.

#### i. Title VII Claims

Plaintiff seeks punitive damages for her claims of religious discrimination, retaliation, and failure to accommodate under Title VII. A plaintiff can recover punitive damages for a Title VII claim if he or she shows that the defendant acted "with malice or with reckless indifference to the federally protected rights" of the plaintiff. *See* 42 U.S.C. § 1981a(b)(1). "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999).

Plaintiff alleges that she "made Defendant aware of her religion and her need for reasonable religious accommodations" and that she was explicitly terminated, at least in part, for requesting such an accommodation. *See* Compl. ¶¶ 43, 46. She also alleges that Williams refused to review documentation supporting plaintiff's accommodation request and told plaintiff

7

"that there was nothing that Plaintiff could show her that would change her mind" about denying the request. *Id.* ¶ 32. The Court concludes that at this stage, plaintiff has pled sufficient facts to state a plausible claim for relief. *See Armstrong v. Greenwood Gaming & Entm't, Inc.*, No. 09-1321, 2009 WL 3429676, at *3 (E.D. Pa. Oct. 21, 2009) (denying motion to dismiss punitive damages claim where complaint alleged "grievously hostile statements by a manager" and "malice" or "reckless indifference" could be inferred from the proximity between plaintiff's leave and her termination).

The Court concludes plaintiff has adequately pled the claim for punitive damages for Title VII violations. Defendant's motion to dismiss is denied with respect to that claim.

  ii. ADA Claims

Plaintiff also requests punitive damages for her claims of disability discrimination and retaliation under the ADA.

  1. Discrimination

To recover punitive damages for an ADA discrimination claim, like Title VII claims, the defendant must have acted with "malice or with reckless indifference" to plaintiff's rights. *See Gagliardo v. Connaught Labs.*, 311 F.3d 565, 573 (3d Cir. 2002). Plaintiff alleges that she "provided Defendant with medical documents concerning her disabilities and requested reasonable accommodations related to her disabilities in the form of time off from work." Compl. ¶ 50. She further states that Williams "showed frustration towards Plaintiff's health conditions and need for reasonable accommodations" and that plaintiff was terminated shortly after informing defendant of her condition and requesting time off. *Id.* ¶ 52. Thus, plaintiff has pled facts sufficient to state a claim that defendant knew "that it may be acting in violation of" the ADA. *See Kolstad*, 527 U.S. at 535; *see also McFadden v. Biomedical Sys. Corp.*, No. 13-

8

4487, 2014 WL 80717, at *5–6 (E.D. Pa. Jan. 9, 2014) (denying motion to dismiss claim of punitive damages where defendant was aware of plaintiff's disability, did not grant him leave to undergo surgery, and terminated him). For those reasons, defendant's motion to dismiss is denied with respect to plaintiff's claim of punitive damages for her ADA discrimination claim.

### 2. Retaliation

Although the Third Circuit has not ruled on the issue, courts in this District have consistently ruled that punitive damages are not available for ADA retaliation claims. *See, e.g.*, *McFadden*, 2014 WL 80717, at *6; *Greineder v. Masonic Homes of the R.W. Grand Lodge, F & AM of Pa.*, No. 13-2376, 2014 WL 1632143, at *4 (E.D. Pa. Apr. 23, 2014). Accordingly, the Court concludes plaintiff cannot recover punitive damages for this claim. To the extent plaintiff makes such an argument, defendant's motion to dismiss with respect to this claim is granted.

#### i. FMLA Claims

Punitive damages are not available under the FMLA. *DeCicco v. Mid-Atlantic Healthcare, LLC*, 275 F. Supp. 3d 546, 564 (E.D. Pa. 2017). Plaintiff states in her response that she does not seek punitive damages for her FMLA interference and retaliation claims. Pl. Resp. 16 n.1. To the extent that plaintiff's Complaint suggests otherwise, defendant's motion to dismiss is granted with respect to punitive damages for plaintiff's FMLA claims.

## V. CONCLUSION

For the foregoing reasons, the Court grants defendant's partial motion to dismiss with respect to plaintiff's claims for punitive damages for her ADA retaliation and FMLA interference and retaliation claims. The Court denies defendant's motion with respect to plaintiff's FMLA interference and retaliation claims and claims for punitive damages for her Title VII claims and her ADA discrimination claim. An appropriate Order follows.